IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARIANO LOMBARDI, derivatively on behalf of MATTEL, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER A. SINCLAIR, RICHARD L. DICKSON, KEVIN M. FARR, JOSEPH B. JOHNSON, MARGARET H. GEORGIADIS, MICHAEL J. DOLAN, TREVOR A. EDWARDS, FRANCES D. FERGUSSON, ANN LEWNES, DOMINIC NG, VASANT M. PRABHU, DEAN A. SCARBOROUGH, DIRK VAN DE PUT, and KATHY W. LOYD, <br><br> Defendants. | Civil Action No. 17-cv-1842-GMS |

## STIPULATION AND ORDER STAYING CASE

WHEREAS, plaintiff Mariano Lombardi filed his complaint on December 21, 2017 in which he alleged, among other things, breaches of fiduciary duty derivatively on behalf of nominal defendant Mattel, Inc. ("Mattel") against individual defendants Christopher A. Sinclair, Richard L. Dickson, Kevin M. Farr, Joseph B. Johnson, Margaret H. Georgiadis, Michael J. Dolan, Trevor A. Edwards, Frances D. Fergusson, Ann Lewnes, Dominic Ng, Vasant M. Prabhu, Dean A. Scarborough, Dirk Van de Put, and Kathy W. Lloyd (collectively, the "Individual Defendants," and with Mattel, the "Defendants");

WHEREAS, the facts and circumstances alleged in the above-captioned action are based, in part, upon allegations in the amended complaint filed in *Waterford Township Police & Fire*

*Ret. Sys.* v. *Mattel, Inc. et al.*, No. 2:17-cv-04732 (C.D. Cal.), a consolidated putative federal securities class action pending in the United States District Court for the Central District of California; and

WHEREAS, in the interests of judicial economy and efficiency, the parties have discussed staying the above-captioned matter pending the resolution of the federal securities action;

NOW, THERFORE, IT IS HEREBY STIPULATED AND AGREED by the parties, through their undersigned counsel and subject to the Court's approval:

1. To the extent any of them have not yet been served, each of the Defendants hereby accepts service of the Summons and Complaint.

2. The above-captioned action, including any obligation to respond to the complaint or any amended complaint, and all discovery and disclosure obligations under the applicable local and federal rules, is hereby stayed until the final resolution of the federal securities action.

3. Upon application for good cause shown, a party may seek an earlier termination of the stay, subject to the other party's right to contest such early termination, by (i) making a request to the Court, and (ii) transmitting notice to all counsel of record via e-mail at the e-mail addresses listed below.

4. Defendants shall promptly notify plaintiff if and when they become aware of any derivative lawsuits filed in any forum subsequent to the above-captioned matter that allege the same or similar misconduct as that alleged in the above-captioned matter.

5. Should a later-filed derivative action such as is described in paragraph 4, above, be filed, Defendants shall (i) agree to, or move for, a stay of such action, and (ii) never move to stay the above-captioned action in deference to any such later-filed action.

6. Should a later-filed derivative action such as is described in paragraph 4, above, not be stayed, plaintiff may seek an earlier termination of the stay by following the requirements in paragraph 3, above.

7. During the pendency of the stay, plaintiff may amend the complaint.

8. The Defendants shall answer, move, or otherwise respond to plaintiff's complaint or any amended complaint within sixty (60) days after the stay is lifted for any reason.

9. If any of the Defendants produce during the pendency of the stay, or if any of the Defendants produced before the stay went into effect, any documents to the plaintiffs in the federal securities action, to any plaintiffs in any related derivative actions, or to any purported shareholders who make a books and records demand, the Defendants will promptly produce to plaintiff a copy of the same documents, subject to the parties entering into a confidentiality agreement and/or protective order.

10. Defendants shall include plaintiff in any mediation and any formal settlement talks with the plaintiffs in the federal securities action and shall include plaintiff in any mediation and any formal settlement talks with any plaintiff in any other derivative lawsuit.

| | |
|---|---|
| Dated: February 23, 2018 | Respectfully submitted, |
| FARNAN LLP | RICHARDS, LAYTON & FINGER, P.A. |
| /s/ Michael J. Farnan<br>Brian E. Farnan (#4089)<br>Michael J. Farnan (#5165)<br>919 N. Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 777-0300<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com<br><br>*Attorneys for Plaintiff* | /s/ Steven J. Fineman<br>Steven J. Fineman (#4025)<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>fineman@rlf.com<br><br>*Attorneys for Defendants* |

IT IS SO ORDERED this 26th day of July, 2018.

_____
The Honorable Gregory M. Sleet

-4-